[Cite as *State v. Scurry*, 2011-Ohio-2243.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25116 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESTEN D. SCURRY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 04 1254 |

DECISION AND JOURNAL ENTRY

Dated: May 11, 2011

MOORE, Judge.

{¶1} Appellant, Desten D. Scurry, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On April 11, 2009, a warrant was issued for the arrest of Desten D. Scurry on charges of attempted rape and kidnapping. On April 16, 2009, Sergeant David Laughlin was serving warrants in Akron and observed Scurry on Andrew Street. Scurry ran and Sergeant Laughlin began to give chase. Around this same time, Roosevelt Grubbs returned home to his residence on Andrew Street and saw police in the area looking for a man. Grubbs discovered that the glass to the back door to his sunroom had been broken but did not see anyone in the home. Police subsequently entered the home and found Scurry hiding behind a couch in the sunroom.

{¶3} On April 30, 2009, Scurry was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree, one count of attempted rape in violation of R.C. 2923.02 and R.C. 2907.02(A)(2), a felony of the second degree, one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. The kidnapping and rape charges are unrelated to the burglary charge. The obstructing charge, though related to the burglary charge, is not the subject of this appeal. On May 15, 2009, Scurry entered a plea of not guilty and the matter proceeded to a jury trial on October 13, 2009. On October 16, 2009, the jury found Scurry guilty of burglary and obstructing official business, and not guilty of kidnapping and attempted rape. The trial court sentenced him to eight years of incarceration.

{¶4} Scurry timely filed a notice of appeal. He raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

"[SCURRY'S] CONVICTION FOR BURGLARY WAS BASED UPON INSUFFICENT EVIDENCE AS A MATTER [OF] LAW."

{¶5} In his first assignment of error, Scurry contends that his conviction for burglary is not supported by sufficient evidence. Specifically, he contends that the State failed to prove that another person was present when the trespass occurred. We do not agree.

{¶6} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶7} Scurry was convicted of burglary in violation of 2911.12(A)(1), which provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit * * * any criminal offense[.]" A trespass occurs where the offender, without privilege to do so, knowingly enters or remains on the premises of another. R.C. 2911.21(A)(1).

{¶8} Scurry argues that because there was no evidence that anyone was in the house when he broke the window and entered the home, the State failed to provide sufficient evidence to support the conviction of burglary. The State, however, argues that trespass is a continuing offense and the crime of burglary occurred when the homeowner returned and entered the home while Scurry remained inside of the room.

{¶9} The Fourth and Eighth Districts have held that "a person need not be present in order to sustain [a conviction under] R.C. 2911.12(A)(1). Instead, a burglary conviction may stand if, during any time that the defendant is trespassing, a person enters the premises. Essentially, the person's presence converts a breaking and entering offense into a burglary offense." *State v. Fairrow*, 4th Dist. Nos. 02CA2668 & 02CA2680, 2004-Ohio-3145, at ¶28, citing *State v. Davis*, 8th Dist. No. 83033, 2004-Ohio-1908, at ¶16.

{¶10} Here, the State avers that even though there is no evidence that a person was in the home or the attached sunroom when Scurry entered the home, Scurry was still in the home,

committing the offense of trespass, when Grubbs returned home. Thus, the offense was converted into a burglary offense. We agree.

{¶11} Scurry's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"[SCURRY'S] CONVICTION FOR BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} In his second assignment of error, Scurry contends that his conviction for burglary is against the manifest weight of the evidence. We do not agree.

{¶13} When a defendant asserts that his conviction is against the manifest weight of the evidence,

> "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340.

This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.

{¶14} Scurry's manifest weight claim relies on the same arguments raised in the sufficiency challenge. These arguments do not cast doubt on any testimony or otherwise attack the credibility of the evidence.

{¶15} Sergeant Laughlin, with the Akron police department, testified that he was serving warrants in Akron on April 16, 2009. An arrest warrant was issued for Scurry in connection with an attempted rape and kidnapping. Sergeant Laughlin observed Scurry on Andrew Street in Akron. He exited his vehicle and Scurry began running northbound across Andrew Street. Sergeant Laughlin chased Scurry and identified himself as a police officer.

{¶16} At one point Sergeant Laughlin lost sight of Scurry, but heard a loud crash as if something were breaking. Sergeant Laughlin then conducted a "yard-by-yard" search looking under cars and behind trash cans and other areas where a person could potentially hide. A car pulled into the driveway at 1020 Andrew Street and the driver asked Sergeant Laughlin if he was looking for someone. Sergeant Laughlin told the man that he was and gave a description of Scurry.

{¶17} The driver turned out to be the owner of the home, Grubbs. Sergeant Laughlin testified that Grubbs had gone to his sunroom and noticed that the glass to the screen door of his sunroom was broken and alerted Sergeant Laughlin. Sergeant Laughlin testified that he entered the sunroom, followed by Grubbs, and located Scurry hiding behind a couch. Sergeant Laughlin ordered Scurry at gunpoint to come out from behind the couch. He then arrested him.

{¶18} Grubbs testified that he lives at 1020 Andrews Street in Akron, Ohio. On April 16, 2009, he came home to find a police officer standing in his driveway. The officer told him that he was chasing a man and asked Grubbs to go into his house and look around to see if everything was alright. Grubbs walked down his driveway and looked at the backdoor and noticed the broken window at the entrance to his sunroom. The window was not broken when he left the house about twenty minutes prior. Grubbs entered the sunroom and did not see anyone in the room. When Grubbs turned around and exited the sunroom he saw the officer with his gun drawn pointed toward the couch telling someone to freeze. Grubbs stepped out of the way and witnessed the officer take Scurry into custody from the sunroom.

{¶19} Accordingly, upon review of the record, we do not conclude that "in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered." *Otten*, 33 Ohio App. 3d at 340. Scurry's second assignment of error is overruled.

### III.

{¶20} Scurry's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
CONCURS

BELFANCE, P. J.
<u>DISSENTS, SAYING:</u>

{¶21} I respectfully dissent as I would conclude that the State presented insufficient evidence to sustain a conviction for a violation of R.C. 2911.12(A)(1). The legislature created four different and distinct subsections within R.C. 2911.12. Violation of either R.C. 2911.12(A)(1) or R.C. 2911.12(A)(2) results in a second-degree felony. See R.C. 2911.12(C). R.C. 2911.12(A)(1) currently provides that:

> "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, *when another person other than an accomplice of the offender is present*, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]" (Emphasis added.)

While R.C. 2911.12(A)(2) currently states that:

> "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person *when any person other than an accomplice of the offender is present or likely to be present*, with purpose to commit in the habitation any criminal offense[.]" (Emphasis added.)

{¶22} As the occupied structure discussed in R.C. 2911.12(A)(1) can be a permanent or temporary habitation, see R.C. 2909.01(C), the main distinction between R.C. 2911.12(A)(1) and (A)(2), given the current facts, is whether the defendant trespassed when someone was present or when someone was present or likely to be present. There is no dispute that when Mr. Scurry trespassed in the home no one was present. The plain language of the statute strongly suggests that a conviction under R.C. 2911.12(A)(1) requires that someone other than the defendant or an accomplice must be present when the defendant initially trespasses. See R.C. 2911.12(A)(1) ("[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure * * *

when another person other than an accomplice of the offender is present[.]"). This notion is further supported by the fact that the legislature enacted R.C. 2911.12(A)(2) as well, which clearly accounts for situations such as the one before us. Further, because the legislature created (A)(2) which covers situations such as this, I would not contort the language of (A)(1) in order to sustain the conviction. The courts should not contort or extend the language of statutes in order to accommodate the State's failure to prove the case it chose to prosecute; to do so only encourages the State to proceed under inappropriate statutory provisions.

{¶23} Thus, while I understand the majority's reasoning and appreciate how the majority reached its conclusion, I believe sustaining Mr. Scurry's conviction for violating R.C. 2911.12(A)(1) under these facts essentially renders R.C. 2911.12(A)(2) meaningless and unnecessary; a result that would seem to be contrary to legislative intent. Further, as the Supreme Court of Ohio has not spoken on this precise issue, I am disinclined to read R.C. 2911.12(A)(1) as expansively as the majority.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.